[Crim. No. 4528.   Second Dist., Div. One.   Mar. 19, 1951.]

THE PEOPLE, Respondent, v. JOSEPH GLOSTER, Appellant.

Fink, Rolston, Levinthal & Kent for Appellant.

Fred N. Howser, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

DORAN, J.—After trial before a jury, appellant was convicted of grand theft in stealing $8,700 from Edward and Violet Kahn on or about June 22, 1949. Three other similar counts, charging different dates of alleged theft, had been dismissed before trial. After conviction defendant was granted probation for a period of four years.

Appellant, a general building contractor, entered into certain contracts with Mr. and Mrs. Kahn on January 4, 1949, whereby appellant was to construct three residences on property located at the corner of Beverly Boulevard and Highland Avenue, and at 601 and 607 Seward Street, in Los Angeles. Appellant was to receive a flat sum for the houses, the total of which was $43,500, to be paid in five equal payments as the work progressed.

Mr. and Mrs. Kahn, the complaining witnesses, made four of the five progress payments, each in the amount of $8,700,

during which period the parties appear to have been on friendly terms. After making the fourth of such payments appellant was discharged; thereafter the Kahns completed construction of the buildings and sold the same.

There is evidence that a faithful performance bond had been discussed by the contracting parties but such practice was not followed. Later, although no such provision was incorporated in the contract, the appellant contractor agreed to and did present to the owners, certain affidavits prior to receiving the progress payments, certifying "that all materials and labor have been paid for that have been incurred at the three locations." The last of these affidavits making such statement, dated June 22, 1949, acknowledges receipt of the fourth payment "for the installation of plumbing fixtures, roof tile, interior and exterior plaster, wall and floor tile board, sash and doors."

At the time this last affidavit was presented and the fourth payment made, there was some discussion between the parties and Mr. Burke, a friend of the Kahns, with regard to whether bills had been paid, and appellant stated that all bills were paid except a few small disputed ones which would be taken care of. Mr. Kahn then gave appellant the fourth payment of $8,700. There is a conflict of evidence as to whether the Kahns examined certain bills and receipts at that time.

The following bills incurred in May, 1949, previous to the appellant's presentation of the affidavit, were never paid: roof tile, $1,414.92; electrician, extra work, $88.25; sash and windows, $1,676.17, on which item there was given a $98 credit for returned merchandise. Lumber, delivered prior to June 1, 1949, in the sum of $738 was unpaid on June 22, 1949, the date of the affidavit. Likewise, concrete work done prior to the same date, in the amount of $1,639, was not entirely paid for on that date.

Appellant contends that the evidence is insufficient to sustain the verdict, and in this connection argues that "The defendant was entitled to receive the fourth progress payment as a matter of law"; that the written contract did not call for an affidavit and that "the complaining witnesses did not rely upon the affidavit in making the payment," but rather relied on the progress of the building and an examination of receipts, etc. It is further insisted that "The defendant, by his conduct, clearly showed he had no intent to defraud." Appellant also complains of the trial court's refusal to give a requested instruction that "if it is shown that

the defendant used a device to obtain property which was at that time due to the defendant, such obtaining of property is not a crime.''

Appellant testified, as summarized in respondent's brief, ''that when he took the executed affidavit to the Kahns for the fourth payment, he and the Kahns discussed unpaid bills, and he explained which bills had not been paid, and why; and that Mr. Kahn told him not to pay bills on which he claimed a credit until he got the credit. (Rep. Tr. pp. 156-157.) He testified to facts, which, if true, would indicate that a disclosure as to unpaid bills was made to the Kahns at that time, except the concrete bill, which was for work being done. He testified further that he had expended over $27,000 for materials and labor for the Kahns' houses, and had received payments from them totaling $26,100. (Rep. Tr. p. 160.)''

Both of the complaining witnesses testified to belief and reliance upon the affidavit and that the fourth payment would not have been made except for such reliance. It is submitted by the respondent that ''The question of whether or not the victim relied upon the false representations is one for the jury, and its findings will not be disturbed on appeal if there is evidence to support it.'' It is likewise urged that ''The intention of a person charged with theft by false pretenses is a fact to be determined by the trier of fact.''

The jury was here confronted with evidence showing the making of a false affidavit, and with the testimony of the complaining witnesses that $8,700 was then paid to appellant in reliance on such affidavit. Likewise before it was evidence to the effect that certain bills were discussed at that time which appellant promised to take care of.

As respondent's brief states, ''assuming the truth of the facts supporting the verdict which the jury reasonably may have found from the evidence, along with the reasonable inferences which it might have drawn therefrom, as the court of appeal must do, there is sufficient evidence here to support the verdict of conviction.''

In respect to the trial court's refusal to give appellant's requested instruction hereinbefore quoted, it is to be noted that the jury was duly instructed that if the defendant ''was entitled to receive it (the money paid) at the time it was delivered to him, then you shall find the defendant not guilty.'' With this instruction before it, it is evident that there was no resulting prejudice from the refusal to give defendant's requested instruction covering the same matter.

Notwithstanding certain discrepancies in the evidence and alleged uncertainties and contradictions pointed out by appellant, the record discloses substantial evidence in support of the verdict. No reversible error has been made apparent.

The orders appealed from are affirmed.

White, P. J., and Drapeau, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 16, 1951. Shenk, J., voted for a hearing.